UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


JAMES EARL MCCOY                                                              PETITIONER

V.                                                     CIVIL ACTION NO.1:07CV53-P-D

CHRISTOPHER EPPS, et al.                                                     RESPONDENTS


REPORT AND RECOMMENDATION

The respondents have moved to dismiss(Doc. 9) this petition pursuant to 28 U.S.C. §2254, on the ground that the petition is barred by the statute of limitations. The petitioner has filed a response to the petition conceding that his petition was not timely filed, but arguing that he has shown exceptional circumstances to justify equitable tolling.

The Anti-Terrorism and Effective Death Penalty Act establishes the procedure for federal habeas petitions. 28 U.S.C. §2244(d) provides, in pertinent part:

> (D)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **** [1]

---

[1] The other dates that may trigger a later running of the statute are: "(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The petitioner was convicted of armed robbery and sentenced to serve thirty-five years. His conviction and sentence were affirmed by the Mississippi Court of Appeals on August 24, 2004. No further steps were taken to pursue discretionary appeal and under Mississippi procedure, his conviction became final fourteen days later on September 7, 2004. The one year period for the filing of a federal petition for habeas corpus began to run on that date. Therefore, unless the petitioner filed a "properly filed" application in state court as contemplated by 28 U.S.C. §2244(d)(2) on or before September 7, 2005, the running of the statute of limitations would not be tolled. The record shows that he filed some type of post-conviction motion within the one year period, but this was filed in the circuit court. Since Mississippi law provides that requests for post-conviction relief are to be filed in the first instance with the Mississippi Supreme Court in cases such as McCoy's that have been appealed from the trial courts, whatever the content of this filing, being in a court without jurisdiction, it is not a "properly filed" application and does not toll the running of the statute of limitations. His later filing with the Mississippi Supreme Court after the running of the statute is immaterial. His petition in this court was filed under the mail box rule between February 16, 2007 and March 5, 2007. His petition is time barred, in the absence of circumstances that justify equitable tolling.

---

applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1) and (2). There has been no showing that these provisions are applicable to this case.

McCoy asserts several matters to try to show exceptional circumstances. He alleges that he did not pursue discretionary review because his court appointed counsel abandoned the appellate process after the Court of Appeals decision. Aside from the fact that McCoy does not enjoy a right to court-appointed counsel beyond the initial direct appeal, the documents he submits shows that he was aware well before the running of the statute of limitations that his appeal had in fact been decided. He admits that he received a post-conviction packet but complains that he did not get timely assistance from the Inmate Legal Assistance Program. McCoy alleges that he did not receive requested information from the Mississippi Supreme Court Clerk's office. He complains that he lacks the legal ability to represent himself. He has no right to post-conviction assistance of counsel. McCoy has shown no exceptional circumstances to justify equitable tolling.

Accordingly, it is recommended that the respondents' motion be granted and this petition be dismissed with prejudice.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the

dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 8th day of June, 2007.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE